WILLIAM W. FRANCIS, JR., J.
Casey A. Spicher ("Spicher") appeals from the judgment of the motion court, following an evidentiary hearing, denying his amended Rule 24.035[1] motion to set aside his convictions for felony sexual assault and deviate sexual assault. In one point on appeal, Spicher asserts the motion court clearly erred in denying his post-conviction motion, because plea counsel was ineffective for failing to inform him that filing a motion to suppress statements he gave to law enforcement would "constitute a viable defense to the charged crime." Because the motion court's denial of Spicher's Rule 24.035 motion was not clearly erroneous, we affirm.
Facts and Procedural Background
Spicher was initially charged with one count of forcible rape (Count I), pursuant to section 566.030,[2] in that on or about March 14, 2012, in Hickory County, he knowingly had sexual intercourse with Victim by the use of forcible compulsion.
On March 14, 2014, Spicher entered into a plea agreement whereby he agreed to plead guilty to the class C felony of second-degree rape (Count I), and deviate sexual assault (Count II),[3] in exchange for *581 two consecutive sentences of seven years imprisonment, with execution suspended as to each, and five years' probation.
At the plea hearing on March 14, 2014, Spicher agreed that he committed second-degree rape in that he had non-consensual sexual intercourse with Victim on March 14, 2012, in Hickory County. Spicher also agreed that he committed deviate sexual assault in that he touched the genitals of Victim with his hand without consent. Spicher testified that he wanted to plead guilty to the two charges, pursuant to the plea agreement; that he understood the rights he was waiving by pleading guilty; and no one had coerced him into pleading guilty. Spicher stated he understood the range of punishments for these crimes. Spicher affirmed that he received discovery from the State and he went over the discovery with his attorney. Spicher told the plea court that he understood his right to a jury trial. Spicher also testified that he was satisfied with plea counsel's services and that they had not "done anything wrong in this case that has hurt [him] in any way[.]"
On April 8, 2014, Spicher reappeared before the trial court due to an error in the classification of "rape in the second degree" in Count I as that classification no longer existed at the time of Spicher's offense. The trial court set aside Spicher's guilty plea to Count I, second-degree rape, and the State filed a second amended information charging Spicher with the class C felony of sexual assault for "knowingly having sexual intercourse with [Victim] without her consent."[4] Spicher stated he understood that he was charged with the same crime under Count I, but with "a different name on the charge[.]"
Spicher stated he wished to continue with his plea of guilty to Count I, as reclassified, and that he still understood the rights he was waiving by entering the plea. The trial court found that Spicher's guilty plea to the class C felony of sexual assault was voluntarily and intelligently made, and the court sentenced Spicher, in accordance with the plea agreement, to the same sentence that he was given at the end of the previous plea hearing: seven years consecutive to Count II, with execution of the sentences suspended and five years' probation.
On May 28, 2014, Spicher appeared for a probation revocation hearing. Following the revocation hearing, the trial court revoked Spicher's probation and executed his two consecutive seven-year sentences. Spicher testified that he was satisfied with his plea counsel, but that he was not satisfied with an investigator for the public defender's office. Spicher testified that he would have taken his case to trial, but the investigator told him that his neighbor would not testify he had seen Victim kissing Spicher after the offense was alleged to have occurred. Spicher testified that he pleaded guilty because "without that testimony, then I didn't think I had a shot." The trial court found no probable cause of ineffective assistance of counsel.
On November 3, 2014, Spicher filed a timely pro se Rule 24.035 motion for post-conviction relief. On December 22, 2014, post-conviction counsel was appointed. The transcripts were filed on April 22, 2015. After an extension was granted, post-conviction *582 counsel filed an amended motion on July 22, 2015, one day late.[5]
On July 8, 2016, following an abandonment hearing, the motion court found:
RECORD MADE ON RESPONDENT'S MOTION TO DISMISS. MOVANT AND RESPONDENT'S COUNSEL EACH MAKE ARGUMENT. COURT ALSO INQUIRES OF MOVANT'S COUNSEL REGARDING NEGLIGENCE ATTRIBUTABLE TO HIM AS OPPOSED TO ANY BY MOVANT. COURT FINDS COUNSEL HAS NOT ABANDONED MOVANT AFTER THE COURT INQUIRES. SAID INQUIRY WAS NECESSARY. SAYRE V. STATE, WD78975 (Mo BANC 2016) [SIC]. DESPITE THIS FINDING COURT NEED NOT DETERMINE WHETHER TO HEAR ONLY CLAIMS IN ORIGINAL MOTION OR ONLY CLAIMS IN AMENDED MOTION AS COURT DETERMINES NEGLIGENCE OF LATE FILING OF AMENDED MOTION IS COMPLETELY ATTRIBUTABLE TO MOVANT'S COUNSEL AND NOT MOVANT AS COUNSEL STIPULATE THE FILING OF THE AMENDED MOTION WAS DUE TO HIS WORKING UPON IT UP UNTIL THE FILING DEADLINE AND DUE TO HIS INATTENTION TO THE TIME AND COMPLIANCE WITH LOCAL RULE 4.7 AND SUPREME COURT RULE REGARDING FACSIMILY FILING. SANDERS V. STATE, 807 S.W.2d 493 (Mo. BANC 1991) RESPONDENT'S M.T.D. IS OVERRULED. CASE SET FOR HEARING ON AMENDED MOTION 11/18/16 AT 9 A.M. MOH. cs
Spicher asserted in his amended motion that plea counsel was ineffective for failing to file a motion to suppress his statements to police because they were the fruit of the poisonous tree of an unconstitutional search of his residence without a warrant.
An evidentiary hearing[6] was held on December 12, 2016, at which Spicher and plea counsel testified. Plea counsel testified that Spicher had long discussions with her and with his family about pleading guilty. She did not recall any discussions with Spicher regarding filing a motion to suppress. She did not remember a motion to suppress "ever being a part of a strategy decision." Plea counsel testified that Spicher did not want to enter a guilty plea unless he could get probation because he feared he would be declared a "sexual violent predator"-due to a prior sexual offense-and if sent to prison, "there was a chance that he would have to go before the civil review board and may not get out of prison."
Spicher testified he had a discussion with plea counsel and an investigator at the public defender's office in Bolivar where he raised the issue of the deputies illegally searching his house. Spicher stated that the investigator drew a picture of a target and told him that if he pursued that claim, he would be a target. Spicher testified that later he found out that he could have filed a motion to suppress and that "would have totally changed the game." Spicher also testified that he would have *583 gone to trial if his plea counsel had filed and litigated a motion to suppress.
The motion court issued its findings of fact and conclusions of law on February 2, 2017. The motion court found that plea counsel was not ineffective for not filing a motion to suppress:
It is presumed that [Spicher] had effective counsel. [Spicher]'s plea counsel is presumably capable to determine the likelihood of the possible success of a Motion to Suppress. [Spicher]'s plea counsel testified that she has no recollection of discussing the filing of a Motion to Suppress. This is directly contrary to [Spicher]'s testimony that he discussed it with counsel and counsel's investigator who advised that [Spicher] would become a target if he filed one. In either event, counsel did not file such a motion. This was either because [Spicher] not wanting to become a target or because, as counsel testified that her review of the reports the day of her testimony made her believe it might not be successful, that the likelihood of success was minimal. No evidence was presented at the PCR hearing of the effect upon [Spicher]'s plea that no Motion to Suppress was filed, except, [Spicher]'s testimony 'it would have totally changed the game,' whatever that may mean. It certainly does not mean that a filing of such motion and even prevailing upon would have had any affect upon any plea bargaining let alone, mean that the state's case would have been rendered fatal.
The motion court found that Spicher "failed to bear his burden of proving that plea counsel failed to exercise the degree of skill and competence of a reasonably competent attorney and that his potential defense was prejudiced thereby." The motion court denied Spicher's Rule 24.035 motion. This appeal followed.
In one point on appeal, Spicher asserts the motion court clearly erred in denying his amended Rule 24.035 motion in that plea counsel failed to inform him that because officers illegally entered his residence without a warrant, filing a motion to suppress his statements to officers could constitute a viable defense to the charged crime, and rendered his guilty plea involuntary, unknowing, and unintelligent.
Standard of Review
To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances, and that movant was prejudiced as a result. Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Appellate review is expressly limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made, will the appellate court find the motion court's judgment to be clearly erroneous. Even if the stated reason for a circuit court's ruling is incorrect, the judgment should be affirmed if the judgment is sustainable on other grounds.
The motion court is free to believe or disbelieve any portion of the testimony, and we defer to the motion court's credibility determinations. We view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment.
*584 Oliphant v. State , 525 S.W.3d 572, 576-77 (Mo.App. S.D. 2017) (internal quotations and citations omitted). Where a conviction results from a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." Cooper v. State , 356 S.W.3d 148, 153 (Mo. banc 2011) (internal quotation and citation omitted).
Analysis
In his sole point relied on, Spicher argues that the motion court clearly erred in denying his Rule 24.035 motion. Specifically, Spicher suggests that plea counsel failed to advise him as to the likelihood of success of a motion to suppress evidence arising from police entry into his home, and Spicher's lack of such knowledge rendered his guilty plea involuntary.
Spicher's amended Rule 24.035 motion alleged facts consistent with his point relied on. However, when given the opportunity to present evidence as to the connection between his alleged lack of knowledge and his guilty plea, Spicher's efforts yielded little substance. The motion court, reflecting on this, found:
No evidence was presented at the PCR hearing of the effect upon Movant's plea that no Motion to Suppress was filed, except, Movant's testimony 'it would have totally changed the game,' whatever that may mean.[7 ] It certainly does not mean that a filing of such a motion and even prevailing upon would have had any [e]ffect upon any plea bargaining[,] let alone[ ] mean that the state's case would have been rendered fatal.[8 ]
The motion court explicitly found that "the testimony of [Spicher] [was] not credible."
In other words, the evidentiary basis of Spicher's point on appeal-the involuntariness of his plea-was not credited by the motion court, and we do not consider it on review. "The motion court's rejection of certain witness testimony as non-credible goes to whether Movant met his burden of demonstrating a claim for relief[.]" Davis v. State , 486 S.W.3d 898, 905 n.2 (Mo. banc 2016) (internal quotations and citations omitted). Here, in light of the motion court's credibility findings, and the lack of credited evidence otherwise a prerequisite for a favorable disposition, we must reject Spicher's argument.
Ex gratia , we also take note of the State's argument during the motion hearing, which touches on a central consideration in our review of Rule 24.035 judgments:
The transcript reveals that [Spicher] said nothing about ... withdrawing his prior plea on March 14th[where the *585 State filed an amended information to cure the fact that Count I had not been a valid charge on the date of the charged offense, and Spicher pled guilty to the amended charge]. That's because at the time, it was still to his advantage to enter the plea pursuant to the plea bargain. Now that the plea is not to his advantage [because his probation was revoked], he claims that it is involuntary.
As the State accurately suggested, when "a movant is given several opportunities to express his dissatisfaction with plea counsel to the court, but does not, the motion court does not err in rejecting his claim." Oliphant , 525 S.W.3d at 578.
The motion court did not clearly err in rejecting Spicher's Rule 24.035 motion after an evidentiary hearing. Point denied.
The judgment of the motion court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-Concurs
JEFFREY W. BATES, J.-Concurs

All rule references are to Missouri Court Rules (2017).

All references to section 566.030 are to RSMo Cum.Supp. 2009 unless otherwise indicated.

At the plea hearing on March 14, 2014, an amended information was filed adding Count II-deviate sexual assault. The trial court read the amended information to Spicher on record, and Spicher expressed his understanding of the additional charge. A copy of the amended information was not included in the record on appeal.

Spicher waived reading of the second amended information, and waived arraignment. The trial court did not read the second amended information into the court record. A copy of the second amended information was not filed with this Court as part of the record on appeal.

The amended motion was actually faxed to the clerk's office on July 21, 2015 at 4:21 p.m. However, Hickory County's local court rule 4.7 specified that faxes received after 4:00 p.m., would be filed the next day. Thus, Spicher's amended motion was not filed until July 22, 2015.

A different judge presided at the guilty plea hearing on March 14, 2014, the second plea hearing on April 8, 2014, and the probation revocation hearing on May 28, 2014.

Notably, we observe the following additional colloquy in the transcript regarding this issue:
[State:] And had they discussed it with you, and filed and litigated a motion to suppress, what would you have done?
[Spicher:] Like I was originally determined to do so, was to take it to trial.
....
[State:] You would have rejected pleading guilty and insisted on proceeding to trial?
[Spicher:] Absolutely.
However, the mere appearance of this testimony in the transcript is not decisive. The trial court found movant "not credible," and we therefore do not consider this testimony in our evaluation. Oliphant , 525 S.W.3d at 576-77.

For clarity, we note that "[i]n the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." Oliphant , 525 S.W.3d at 577 (internal citation omitted).