

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| JAMEL YATES, | ) | No. ED110862 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1922-CC11667-01 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Bryan L. Hettenbach |
| | ) | |
| Respondent. | ) | Filed: November 28, 2023 |

### Introduction

Jamel Yates appeals the motion court's judgment denying his amended Rule 29.15 motion for post-conviction relief following an evidentiary hearing. In his sole point on appeal, Yates argues that the motion court erred in denying his amended motion because trial counsel was ineffective for failing to properly investigate and present evidence regarding known allegations of juror misconduct. We affirm the judgment of the motion court.

### Factual and Procedural Background

Following a jury trial, Yates was convicted of one count of the class B felony of assault in the first degree and one count of the unclassified felony of armed criminal action. The trial court sentenced him to 15 years' imprisonment for the first-degree assault charge and to 30 years' imprisonment for the armed criminal action charge, to be served consecutively. Yates's

convictions were affirmed on direct appeal by memorandum pursuant to Rule 30.25 on July 9, 2019. The evidence at trial was as follows.

During an apparent attempted robbery, Yates and an alleged unknown accomplice shot at four individuals. Yates was charged with: (1) first-degree murder of Victim, (2) first-degree assault of D.F., (3) first-degree assault of K.B., and (4) first-degree assault of A.W., each of which had an accompanying armed criminal action count. D.F., K.B., Victim, and A.W. drove to meet Yates to buy guns. K.B. stayed by the car with A.W., while D.F. and Victim met with Yates behind a building. Yates brandished a firearm and began shooting at D.F. and Victim as they ran toward the car. Victim was killed, and no one else was wounded.

The jury found Yates not guilty of murder and armed criminal action for the murder of Victim and guilty of the first-degree assault of D.F. and armed criminal action. The jury could not reach a verdict on the first-degree assault and armed criminal action counts relating to K.B. and A.W., and a mistrial was declared on those counts. The State subsequently dismissed the charges upon which the trial court declared a mistrial.

Prior to sentencing, trial counsel filed a timely motion for new trial, raising no issues of juror misconduct. That same day, trial counsel was contacted by two jurors ("Jurors A and B") about their concerns regarding possible misconduct by another juror ("Juror C"). Trial counsel filed a motion to continue the sentencing, stating that he had been "apprised of information relevant to both the validity of the jury's verdict, and the integrity of any potential sentence" and needed time to "investigate this information." The trial court granted the continuance. Trial counsel then filed a motion to question the jurors, which the trial court denied.

Thereafter, trial counsel filed an amended motion for new trial based on newly discovered evidence of juror misconduct, submitting affidavits from Jurors A and B pertaining to the alleged

misconduct.[1] In essence, the affidavits stated that, as the jury was debating whether the degree of an assault charge related to "the nature of the threat, the type of force, or…targeting the person whom the defendant was accused of assaulting," Juror C had taken a smoke break with the bailiff. Allegedly, Juror C then returned and reported to the jury that the bailiff had confirmed that the degree of an assault charge related to the degree of force used. Jurors A and B stated that they reminded the other jurors that they could only consider the information provided to them by the judge, and that they discounted Juror C's statements. The trial court denied the original motion for new trial but did not rule on the amended motion containing the affidavits.

Yates filed a notice of appeal and, before briefing, requested that this Court remand for an evidentiary hearing on the amended motion for new trial to address the newly discovered evidence of juror misconduct, which we granted, and the trial court set a date for the hearing approximately two weeks after remand. Prior to the hearing, trial counsel filed a motion for change of judge or recusal, which the court denied. Therein, among the allegations regarding the change of judge, trial counsel stated that he "wishes to conduct further investigation of the potential misconduct by speaking with, and obtaining statements from, the remaining jurors." However, trial counsel did not actually seek permission from the trial court to contact those jurors, and no other motion to contact jurors was filed prior to the hearing on the amended motion for new trial. At the hearing, trial counsel orally requested a continuance, claiming that he had not had sufficient time since the hearing was set to gather the information he needed and to subpoena Jurors A and B. Trial counsel also pointed out that he had not yet spoken to the other ten jurors and argued that the trial court needed "to hear what those ten jurors have to say." The trial court denied the motion

---

[1] The relevant parts of these affidavits can be found at *Yates v. State*, 623 S.W.3d 184, 187-191 (Mo. App. E.D. 2021).

for a continuance, and the hearing proceeded. Trial counsel read the affidavits of Juror A and Juror B into the record. No other evidence was adduced.

In its order denying the amended motion for new trial, the trial court noted that the only evidence presented at the hearing was the affidavits of Jurors A and B, which demonstrated "no basis for a finding of prejudice." The trial court concluded that "the juror frustration and discussion about assault referenced in the affidavits appears pertinent, if at all, to the assault charges where the victims were [K.B. and A.W.], charges on which the jury hung, and not the primary assault charge for which the victim was [D.F.], and for which defendant was found guilty." Both Jurors A and B, the trial court found, stated "that instructions given by the Court were followed, and that the jurors discussed that they were to follow the judge's instructions and not what one juror may have deduced from her own prior case or from a discussion with anyone else."

Yates's direct appeal then proceeded, and this Court concluded that the trial court had not abused its discretion in denying the amended motion for new trial. The judgment on his convictions for first-degree assault and armed criminal action involving D.F. was affirmed by *per curiam* order. *State v. Yates*, 577 S.W.3d 906 (Mo. App. E.D. 2019). Thereafter, Yates filed a timely *pro se* Rule 29.15 motion. Post-conviction counsel was appointed and was granted a continuance to file an amended motion. The same judge who had presided over the trial and the proceedings on remand presided over these post-conviction proceedings.

Prior to the deadline for filing the amended Rule 29.15 motion, post-conviction counsel filed a request to view the voir dire list and for permission to contact the jurors. This request and a subsequent amended request to view the petit jury list and for permission to contact the deliberating jurors were denied without explanation. Yates was then denied his request for a writ of mandamus to compel the motion court to grant his request.

4

Thereafter, post-conviction counsel timely filed an amended Rule 29.15 motion on behalf of Yates. Yates alleged trial counsel was ineffective because, following remand, he failed to file a new request for permission to question the jury and failed to offer any testimony or present any new evidence at the hearing on the amended motion for new trial, relying instead on the two affidavits that had already been submitted to the trial court months before. Yates alleged that reasonably competent trial counsel in the same or similar circumstances would have filed a new motion to question the jurors, conducted an investigation, prepared witnesses, and presented testimony at the hearing on the amended motion for new trial. Yates again asked the motion court to permit post-conviction counsel to contact the jury.

The motion court denied the amended Rule 29.15 motion without an evidentiary hearing, finding:

> The court finds movant's claim is without merit. This issue of juror misconduct was addressed by this Court and by the Court of Appeals. This Court had before it the affidavits of two jurors, and what was stated in the affidavits was consistent with the questions asked by the jury during deliberation. The improper discussion related to counts on which movant was not found guilty, and the jurors said the comments did not affect the verdicts.

The motion court also stated that Yates "failed to allege grounds that would entitle him to relief if true and that are not refuted by the record."

Yates appealed the motion court's denial, without an evidentiary hearing, of his Rule 29.15 motion. This Court reversed the trial court's decision and remanded with directions to grant the evidentiary hearing and to permit post-conviction counsel to contact the jurors in preparation for that hearing. *See Yates*, 623 S.W.3d 184.

The motion court thereafter denied post-conviction relief counsel's motion to release the jury record and to permit him to contact the jurors, instead—out of concerns for privacy—opting to

have the Jury Commissioner summon the jurors to court for additional questioning. Two of the jurors refused to appear for questioning, one was deceased, and eight appeared and testified.[2]

Jurors A and B testified consistently with their affidavits. Five other jurors recalled neither anyone taking a smoke break with the bailiff, nor anyone attempting to share extrinsic information. The jury foreperson remembered a juror saying that she had a conversation with the bailiff during a smoke break, but denied that the juror shared that conversation with the jury. In total, five of the jurors affirmed that the verdicts reached by the jury were their verdicts, and that the verdicts were unanimous; the three remaining jurors were not asked this question. Juror C, the "smoking juror," was deceased.

After the evidentiary hearing, the motion court found that Yates's post-conviction claim was without merit, concluding that, "Movant has not shown that there was any juror misconduct that affected the jury's verdict, and therefore there was no additional evidence that Trial Counsel failed to obtain that would have changed the outcome of the amended motion for a new trial."

Yates appeals.

## Standard of Review

Appellate review of a judgment denying a Rule 29.15 motion for post-conviction relief is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019); Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015). The motion court's findings are presumed correct.

---

[2] It appears from the record that one of the jurors indicated that she was only willing to testify via WebEx, as opposed to in-person, due to concerns over COVID-19. There is no record of a later WebEx testimony. Thus, we have testimony from eight of the twelve jurors.

*McLaughlin v. State,* 378 S.W.3d 328, 336–37 (Mo. banc 2012). "We view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." *Oliphant v. State*, 525 S.W.3d 572, 577 (Mo. App. S.D. 2017); *see also State v. Gilbert*, 103 S.W.3d 743, 748 (Mo. banc 2003). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009).

**Discussion**

To succeed on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence facts, not mere conclusions, demonstrating: (1) counsel failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McLaughlin*, 378 S.W.3d at 337. If a movant fails to satisfy either element of the test, he is not entitled to relief. *Creighton v. State*, 520 S.W.3d 416, 422 (Mo. banc 2017).

"A movant must overcome the strong presumption that trial counsel's conduct was reasonable and effective." *Hosier v. State,* 593 S.W.3d 75, 81 (Mo. banc 2019) (*citing Davis v. State*, 486 S.W.3d 898, 906 (Mo. banc 2016)) (internal quotations omitted). "To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). For the purposes of an ineffectual assistance of counsel claim, "[p]rejudice occurs when there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hosier*, 593 S.W.3d at 81 (*quoting Davis*, 486 S.W.3d at 906).

To be entitled to a new trial for juror misconduct, the movant has the burden of proving that the alleged juror misconduct actually occurred. *State v. Stephens*, 88 S.W.3d 876, 883 (Mo. App. W.D. 2002) (citing *State v. Mayes*, 63 S.W.3d 615, 625-26 (Mo. banc 2001)). While, as a general rule, a jury's verdict cannot be impeached by juror testimony of juror misconduct, *State v. Johnson*, 968 S.W.2d 123, 124 (Mo. banc 1998); *State v. Garrison*, 943, S.W.2d 847, 850 (Mo. App. E.D. 1997), an exception applies when the juror misconduct is alleged to have occurred outside the jury room. *Stephens*, 88 S.W.3d at 881-82 (citing *Travis v. Stone*, 66 S.W.3d 1, 4 (Mo. banc 2002)). Once the movant has proven juror misconduct in obtaining extraneous information, a presumption of prejudice is raised, shifting the burden to the non-movant to show that no prejudice resulted from the juror misconduct. *Travis*, 66 S.W.3d at 4; *State v. Smith*, 944 S.W.2d 901, 921 (Mo. banc 1997) (citing *State v. Chambers*, 891 S.W.2d 93, 101 (Mo. banc 1994)).

To rebut the presumption of prejudice, the non-movant must show that the jurors were not subjected to improper influence as a result of the misconduct. *Stephens*, 88 S.W.3d at 833 (citing *Smith*, 944 S.W.2d at 921 and *State v. Brown*, 939 S.W.2d 882, 883 (Mo. banc 1997)). Likewise, "in determining whether prejudice resulted from the alleged juror misconduct due to a juror's obtaining extraneous evidence, an important factor is the materiality of the evidence." *Stephens*, 88 S.W.3d at 833; *see also Smotherman v. Cass Reg'l Med. Ctr.*, 499 S.W.3d 709, 712 (Mo. banc 2016).

Yates alleges that trial counsel's conduct was objectively unreasonable and not based on any reasonable trial strategy. As to prejudice, Yates alleges that, but for trial counsel's post-remand

failure to investigate and present the additional jurors' testimony about the misconduct at that hearing, "it is reasonably likely that [Yates] would have been granted a new trial."

Here, while Juror C attempted to insert extraneous information into the deliberation process, thus establishing a prima facie case of prejudice and shifting the burden to disprove the same to the State, Yates has not succeeded in proving that the jurors were subjected to improper influence as a result of the misconduct because the extraneous information was not material. Previously, this Court noted that "[t]he record does not foreclose the possibility of a different prejudice determination if the amended motion for a new trial [were to have been] supported by testimony from more than just two of the twelve jurors." *Yates*, 623 S.W.3d at 196. The record, fleshed out with the testimony of eight of the twelve jurors, now forecloses such a finding of prejudice.

First, any juror misconduct was not material to the jury's deliberation process because each juror testified that they either did not recall the incident of juror misconduct, or that they were able to discount the effects of the juror misconduct, rendering their verdicts in reliance only on the information submitted to them by the judge. *See Hoffman v. Dunham*, 202 S.W. 429, 431 (Mo. App. 1918) (finding that four or five jurors committed misconduct by going to scene of accident during deliberations but holding that trial court did not abuse discretion in overruling motion for new trial based on affidavits of eight jurors, which stated that verdict was not influenced by unauthorized visit).

While Missouri courts have consistently held that "jurors' statements that the misconduct did not affect their deliberations have little probative value because of the common tendency for jurors to minimize the effect of misconduct," *Dorsey v. State*, 156 S.W.3d 825, 832 (Mo. App. W.D. 2005), this rule is not strictly applicable here, because the jurors were alleged to have

9

accessed extrinsic *information*, rather than extrinsic *evidence*, as in *Dorsey* and its predecessors.[3]

*See also Travis*, 66 S.W.3d at 5. Instead, the jury misconduct here is more similar to that discussed in *State v. Suschank*, 595 S.W.2d 295 (Mo. App. E.D. 1979), where this Court found no abuse of discretion in overruling a motion for a new trial after jurors looked up the definition of "reasonable" in a dictionary, when the jurors testified that the dictionary search did not influence their verdict. *Id.* at 297-98. In both the case at bar and in *Suschank*, the juror misconduct did not relate to the improper gathering of *evidence*, such as a survey of the area where a crime occurred, *see Dorsey*, 156 S.W.3d, but rather to the improper attempted supplementation of jury instructions with external definitions of legal terms.

"[A]ccepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment," *Oliphant*, 525 S.W.3d at 577, our standard of review can only support a finding that the inability of six of the jurors to recall the juror misconduct results from their success in mentally discounting it during the deliberation process. *See also Smotherman,* 499 S.W.3d at 710-11 ("As the trial court presides over the entirety of a trial, it is familiar with the circumstances surrounding a juror's misconduct. Accordingly, it is in the best position to determine what effect, if any, juror misconduct may have had on a jury's verdict.").

Second, any jury misconduct was immaterial because Juror C's attempt to introduce extrinsic information related only to the first-degree assault charges for Yates's conduct towards K.B. and A.W.—advocating for a finding of guilty—and the jury did not convict Yates on those counts. As clearly evidenced by the affidavits and testimony of Jurors A and B, Juror C attempted

---

[3] *Dorsey* is further distinguishable, because there, the State presented no evidence to rebut the presumption of prejudice other than the testimony of three jurors indicating that they were "unaware" of the effect of the misconduct on their deliberative process. *Dorsey*, 156 S.W.3d at 832.

to introduce extrinsic information solely for the purpose of further defining the assault charges relating to Yates's conduct towards K.B. and A.W.—specifically, suggesting that Yates's intent to shoot at D.F. could transfer to K.B. and A.W. As such, if the jury allowed Juror C's attempt to insert extrinsic information to factor into its deliberative process, such extrinsic information could only have supported a conviction on the remaining counts of assault. However, because the jury did not convict Yates for the charges of assaulting K.B. and A.W., Juror C's attempt to inject extrinsic information was immaterial to the jury's deliberative process and did not improperly influence the verdict. *See Travis*, 66 S.W.3d at 4; *Stephens*, 88 S.W.3d at 883.

Because the alleged juror misconduct did not result in prejudice to Yates, the trial court did not clearly err in finding no "reasonable probability" that, but for counsel's allegedly unprofessional errors, the result of the motion for a new trial would have been different. *Hosier*, 593 S.W.3d at 81. Yates has thus failed to satisfy the prejudice prong of the *Strickland* test, thus, his Rule 29.15 motion fails. *Creighton*, 520 S.W.3d at 422.

## Conclusion

For the reasons set forth above, the judgment of the motion court is affirmed.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

11