

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| HOSEA ROBINSON, | ) | No. ED112492 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1822-CC10735 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas A. McCarthy |
| | ) | |
| Respondent. | ) | Filed: March 18, 2025 |

### Introduction

Appellant Hosea Robinson appeals the motion court's judgment denying his amended Rule 29.15 motion for post-conviction relief. Appellant raises one point on appeal arguing that the motion court erred in denying his motion because trial counsel was ineffective for failing to present medical records during the penalty phase of the trial. We affirm.

### Factual Background

Following a jury trial, Appellant was convicted of one count of statutory rape in the first degree and was sentenced to a 20 year prison term. Appellant's convictions were affirmed by this Court in *State v. Robinson*, 589 S.W.3d 614 (Mo. App. E.D. 2019).

Appellant prematurely filed his *pro se* Rule 29.15 motion on July 2, 2018, while his direct appeal was still pending. On July 17, 2018, the motion court appointed post-conviction

counsel. Post-conviction counsel entered her appearance on August 15, 2018, and filed a request for a 30-day extension, which the court granted, making the motion due on March 11, 2020, following this Court's mandate on December 12, 2019. On March 6, 2020, post-conviction counsel requested a second 30-day extension, which the court untimely granted on March 12, 2020. Post-conviction counsel untimely filed Appellant's amended Rule 29.15 motion on April 10, 2020. In April 2022, following a substitution of counsel, new post-conviction counsel filed an affidavit from former post-conviction counsel attesting that the untimely amended Rule 29.15 filing was the sole fault of former post-conviction counsel and not Appellant. A hearing was held on May 5, 2022 on the issue of the timeliness of the amended motion. In its order, the motion court found that Appellant was abandoned by former post-conviction counsel and accepted the filing of the amended motion.

While the motion court granted Appellant's request for an evidentiary hearing, Appellant's testimony was taken by deposition and no formal hearing was ever held. The motion was taken under submission on August 29, 2023 and the motion court issued its findings of facts and conclusions of law on November 9, 2023, denying Appellant's amended 29.15 motion. This appeal follows.

**Standard of Review**

Appellate review of a judgment denying a Rule 29.15 motion for post-conviction relief is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019); Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015). The motion court is "entitled to believe all, part,

or none of the evidence presented at the post-conviction hearing." *State v. Hunter*, 840 S.W.2d 850, 863 (Mo. banc 1992). The motion court's findings are presumed correct. *McLaughlin v. State*, 378 S.W.3d 328, 336–37 (Mo. banc 2012).

"We view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." *Oliphant v. State*, 525 S.W.3d 572, 577 (Mo. App. S.D. 2017); *see also State v. Gilbert*, 103 S.W.3d 743, 748 (Mo. banc 2003). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009).

**Discussion**

Appellant's sole point on appeal alleges the motion court erred in denying his amended Rule 29.15 motion because trial counsel was ineffective for failing to present medical records in the penalty phase of the trial that would have shown Appellant's age and diagnosis with congestive heart failure, along with various procedures and complications Appellant has suffered as a result of his diagnosis. Appellant argues that, but for this failure, there is a reasonable probability that the trial court would have imposed a more lenient sentence than 20 years imprisonment, thus prejudicing him.

To succeed on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence facts, not mere conclusions, demonstrating: (1) counsel failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McLaughlin*, 378 S.W.3d at 337. If a movant fails to

satisfy either element of the test, they are not entitled to relief. *Creighton v. State*, 520 S.W.3d 416, 422 (Mo. banc 2017).

"Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hosier*, 593 S.W.3d at 81 (*quoting Davis*, 486 S.W.3d at 906). "Prejudice occurs at sentencing when there is a reasonable probability that, but for counsel's deficient performance, the movant would have received a lesser sentence." *House v. State*, 692 S.W.3d 455, 461 (Mo. App. S.D. 2024) (citing *Bozeman v. State*, 653 S.W.3d 132, 137 (Mo. App. E.D. 2022)). "Given the indeterminate nature of sentencing, prejudice based on a claim that ineffective assistance of counsel affected sentencing is nearly impossible to establish." *Bozeman*, 653 S.W.3d at 137.

Here, Appellant testified extensively both during the trial and sentencing phases that he had congestive heart failure and that his health had further deteriorated during his pre-trial incarceration due to a lack of access to appropriate medical care. Therefore, the alleged medical records would have been cumulative of information already known at the time of sentencing. *See Hendricks v. State*, 663 S.W.3d 875, 888 (Mo. App. E.D. 2023), *transfer denied* (May 2, 2023) (finding no prejudice where counsel failed to present records during the sentencing phase that would have corroborated appellant's own testimony related to her mental health, in that the records would not have enhanced the evidence already before the court in a meaningful way so as to create a reasonable probability that appellant would have received a lesser sentence had counsel presented them). Considering Appellant received a sentence of 20 years when the jury recommended 30 years, we are unpersuaded that the addition of Appellant's medical records would have altered the evidence before the court in such a meaningful way as to create a

reasonable probability that Appellant would have received an even lesser sentence in light of his conviction for statutory rape.

While Appellant also testified extensively to his health conditions during his deposition held in lieu of an evidentiary hearing, Appellant did not present any of his medical records to the motion court nor did he call trial counsel to testify about his reasoning for not presenting the medical records. Consequently, Appellant failed to establish that the medical records would have corroborated his testimony. Without presentation of the medical records to the motion court, Appellant has failed to prove his postconviction relief claim, as the motion court is free to believe all, some, or none of Appellant's testimony. On this record, the motion court did not clearly err in denying Appellant's amended Rule 29.15 motion.

## Conclusion

For the foregoing reasons, the judgment of the motion court is affirmed.

Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

5