David T. NGUYEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 64795.

Missouri Court of Appeals,
Western District.

Feb. 21, 2006.

**150**

Jeannie Marie Willibey, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for Respondent.

Richard A. Starnes, Asst. Attorney General, Jefferson City, MO, joins on the briefs for Respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

David Nguyen appeals the denial of his Rule 24.035 motion in which he sought to vacate his convictions of two counts of first-degree assault and two counts of armed criminal action. Nguyen's motion charged that there was no factual basis to support his plea. We affirm.

## Procedural and Factual Background

David Nguyen, appellant, was indicted on July 12, 2002, for two counts of first-degree assault, § 565.050,[1] and two counts of armed criminal action, § 571.015. On November 3, 2003, Nguyen entered an *Alford* plea pursuant to the charges and a plea agreement.

At the plea hearing, the State laid out the plea agreement of fifteen years for each of the four counts with the sentences to run concurrently. The defendant was then sworn and questioned by the court. When asked if he knew what an *Alford* plea was, Nguyen replied, "An *Alford* plea is enough evidence to convict me but I'm not the shooter." The court then proceeded to inquire whether or not Nguyen understood the plea agreement of concurrent sentences for all four counts. Next, the court questioned Nguyen's intelligence and competence level both at the time of the events and at the hearing, with which the court was satisfied. Finally, the court informed Nguyen of his rights with regard to his counsel and his right to trial, and Nguyen indicated he understood.

Once the court completed its questioning, Nguyen's counsel began questioning. Through the questioning, Nguyen's discussions with his counsel were developed to demonstrate Nguyen's understanding of the options he had with regard to pleading guilty compared to going to trial. Nguyen's counsel examined possible defenses that could be raised and why they would not work. After completing those questions, Nguyen's counsel and the State developed the evidence.

[1] All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise indicated.

On June 16, 2002, Nguyen attended a party celebrating Father's Day and the birthday of Dung Bui, one of the victims. That party was in a parking lot at 3616 Independence Avenue, Kansas City, Missouri. Nguyen attended the party with a friend, Ngon Nguyen ("Ngon"). While at the party, Nguyen and Ngon got into a fight with Bui and Em Cu Luong. Nguyen and Ngon were then asked to leave the party, and they left.

After leaving the party, Nguyen and Ngon went to Ngon's brother's house. At his house Nguyen and Ngon collected guns and told him they were going back to the party. Ngon's brother then called people at the party to warn them that Nguyen and Ngon were returning.

Shortly thereafter, Nguyen and Ngon pulled into a parking lot adjacent to the party in a black Chevy truck. Eight to ten shots were then fired out of the passenger side of the truck, the side on which Nguyen was sitting. No one from the party shot back at the truck.

Two people were injured from the shooting. Hau Dung was one of the victims. He was shot in the forehead and survived but spent about three weeks in the hospital recovering. During that time, Mr. Dung had a craniotomy and lobectomy, in which part of his brain was removed. The other victim, Dung Bui, was shot in the leg.

The investigators, after collecting shell casings from the parking lot and taking photographs, went to Nguyen's house. At his house, a gun was recovered. Some of the shell casings from the parking lot were determined to have been fired from the gun. Nguyen admitted that he fired one of the guns. He did not admit that any of the bullets fired by him actually hit either of the victims.

Based upon the facts presented at the hearing, Nguyen stated that because of the strong likelihood he would be convicted it would be in his best interest to plead guilty and accept the plea bargain. He understood a jury could also find him not guilty, but he felt taking the plea bargain was in his best interest.

The court accepted Nguyen's plea as made freely, voluntarily, and intelligently, and it found him guilty of the crimes charged. The court found that a factual basis for the charges was established. In accordance with the plea agreement, the court sentenced Nguyen to fifteen years for each count with the sentences to be served concurrently.

Nguyen timely filed a Rule 24.035 motion for post-conviction relief on December 23, 2003. His petition alleged that a sufficient factual basis was not established at his plea hearing because his plea did not acknowledge that he was aware of the victim's presence at the time of the shooting. Specifically, he alleges that the facts did not establish that he shot at the victims with the purpose of causing death or serious physical injury. On October 8, 2004, the motion court entered its judgment with findings of fact and conclusion of law denying Nguyen's claim.

### Standard of Review

■ Appellate review of a motion court's decision in a 24.035 action is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Black v. State*, 151 S.W.3d 49, 54 (Mo. banc 2004). On review, the motion court's findings and conclusions are pre-

sumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

## Analysis

Nguyen's only point on appeal is that the motion court clearly erred in denying his Rule 24.035 motion because there was an inadequate factual basis to support his pleas. Nguyen argues that facts were not presented to allow the trial court to determine whether he understood the nature and elements of the charges, the victim's proximity to Nguyen, and whether he had the intent to cause serious physical injury. We disagree.

■ Under *North Carolina v. Alford*, 400 U.S. 25, 38–39, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a defendant may enter what is, in effect, a guilty plea, even though the defendant protests that he or she is innocent of the crime charged. Here, Nguyen obtained a negotiated sentence without admitting guilt by entering an *Alford* plea. He admitted only that the evidence against him would be extensive and would be likely to result in his conviction. Now, he wishes to collaterally attack his *Alford* plea on the basis that there was an insufficient admission of guilt.

■ There is a factual basis requirement for a guilty plea. Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." As we stated in *Daniels v. State*, 70 S.W.3d 457, 460–61 (Mo.App. 2002):

> A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists. *State v. Morton*, 971 S.W.2d 335, 340 (Mo.App.1998). "A factual basis is established if the defendant understands the facts recited by the judge or the

prosecutor" at the guilty plea proceeding. *Id.* A defendant, however, should express "an awareness of the nature and elements of the charge to which he or she pleads guilty." *Vann v. State*, 959 S.W.2d 131, 134 (Mo.App.1998). " '[A] trial court is not required to explain every element of a crime to which a person pleads guilty' so long as the defendant understands the nature of the charge." *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996), *quoting Beaver v. State*, 702 S.W.2d 149, 150 (Mo. App. S.D.1985). "[I]t is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him in order for his guilty plea to be valid." *Bird v. State*, 657 S.W.2d 315, 316 (Mo.App. E.D.1983). Our focus "is on whether the plea was made intelligently and voluntarily, not whether a particular ritual is followed or every detail explained." *Holloway v. State*, 989 S.W.2d 216, 219–20 (Mo.App. W.D.1999), *overruled on other grounds by State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999).

■ Our courts have stated that in reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently from a guilty plea. *See, e.g., Smith v. State*, 141 S.W.3d 108, 111 (Mo.App.2004). This is obviously true with a claim of ineffective assistance of counsel. *See, e.g., Jenkins v. State*, 788 S.W.2d 536, 537–38 (Mo.App. 1990). When the claim for which the prisoner seeks relief does not assert ineffective assistance, but instead asserts that there is an inadequate factual basis for the plea, the court necessarily takes into account the fact that with an *Alford* plea there is an explicit refusal to acknowledge guilt, or perhaps an affirmative protest of innocence. The defendant may still, however, voluntarily, understandingly, and unequivocally make the choice to enter the plea. The record shall show the various factual

elements necessary to constitute the offense, and should show that the defendant understood the elements. *See State v. Hunter,* 840 S.W.2d 850, 864 (Mo. banc 1992) *(citing North Carolina v. Alford,* 400 U.S. at 38–39, 91 S.Ct. 160). The plea must represent an intelligent choice by the defendant among alternative courses of action. *Alford,* 400 U.S. at 31, 91 S.Ct. 160. An *Alford* plea is legally and practically a form of a guilty plea. *See id.* at 37, 91 S.Ct. 160; *Watkins v. State Bd. Of Regis. For Healing Arts,* 651 S.W.2d 582, 583 (Mo.App.1982).

In this case, Nguyen made an *Alford* plea. He freely, voluntarily, and intelligently made his plea by acknowledging to the trial judge that he understood what was meant by an *Alford* plea and that pleading guilty was a better alternative than going to trial. The court accepted the plea after facts were presented related to the elements of the offenses.

"[I]n order to be found guilty of first-degree assault for attempting to kill or attempting to cause serious physical injury, one must, with the purpose of committing that offense, take a substantial step toward committing it." *State v. Whalen,* 49 S.W.3d 181, 186 (Mo. banc 2001). "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.* (quoting *State v. Withrow,* 8 S.W.3d 75, 78 (Mo. banc 1999)). At the plea hearing, it was clear that if there were a trial, the State would have sought to prove the elements of first-degree assault. Nguyen was in a fight at the party. He left the party, went to his house, retrieved guns, returned to the party, and fired at least one gun multiple times toward people at the party. These facts would satisfy the elements of a submissible case of first-degree assault.

Nguyen argues that the Supreme Court stated in *Whalen* that a "person will not be guilty of purposely causing or attempting to cause such injury if the person is unaware of the likely presence of the injured person at the time the person acts." *Whalen,* 49 S.W.3d at 187. We fail to see that *Whalen* has application to this case. Nguyen knew Bui was present at the party; he had just been in a fight with him. He knew others were present as well.

Nguyen also suggests that this case is like *England v. State,* 85 S.W.3d 103 (Mo. App.2002), which also, like *Whalen,* was not an *Alford* case. In that case, this court held that the facts did not support England's guilty plea for first-degree assault by attempting to kill when he acknowledged he fired a gun randomly into the victim's house. *Id.* at 109. Here, the State was prepared to show that there was nothing random about the shooting in this case.

Nguyen's plea was made freely, voluntarily, intelligently, and unequivocally. The facts presented showed that Nguyen knew the nature and elements of the charges, and that he chose to make an *Alford* plea to accept the sentence while not admitting that any shot he fired actually hit either victim. Nguyen knew the State was prepared to show that Nguyen left the party and returned with guns for the purpose of shooting at the party, and that he participated in the shooting. Nguyen acknowledged that the State had evidence of these basic facts. There was a factual basis for the plea.

### Conclusion

The judgment of the motion court is affirmed.

ULRICH and HARDWICK, JJ., concur.