

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| CAREY W. HILL, | ) |
| | ) |
| Movant/Appellant, | ) |
| | ) |
| vs. | ) No. SD33171 |
| | ) Filed: March 25, 2015 |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent/Respondent. | ) |

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David C. Dally, Circuit Judge

**<u>AFFIRMED</u>**

Carey W. Hill ("Hill") appeals the denial of his Rule 24.035[1] motion for post-conviction relief. Hill contends his plea was involuntary because he relied on incorrect information provided by his plea counsel, and because the charging instrument was defective. Finding no merit to these arguments, we affirm the judgment of the motion court.

---

[1] All rule references are to Missouri Court Rules (2014).

## Factual and Procedural History

We set forth only those facts necessary to complete our review. In doing so, we view the evidence in the light most favorable to the motion court's judgment. *McCauley v. State*, 380 S.W.3d 657, 659 (Mo.App. S.D. 2012).

On April 8, 2011, Hill was charged by information with the class A felony of assault in the first degree,[2] in violation of section 565.050.[3] An amended information was later filed reducing that charge to a class B felony of assault in the first degree, pursuant to section 558.011.

On May 16, 2011, Hill signed a "Petition to Enter Plea of Guilty," pursuant to an agreement with the State. In that document, Hill stated, *inter alia*, that: (1) he had received a copy of the amended information, discussed it with his attorney, his attorney explained the charge, and he understood he was charged with "assault 1st degree"; (2) he assaulted S.D. in an attempt to cause serious physical injury; (3) counsel had advised him on the nature of each charge, including all lesser-included charges, if any, and any possible defenses he might have in this case; (4) counsel explained the range of punishment; (5) no state or federal officer or agent had promised or suggested he would receive a lighter sentence or any form of leniency for his guilty plea; (6) that in exchange for his plea of guilty, the State would recommend an eight-year cap on his sentence; (7) neither he, nor any of his friends or loved ones, had been mistreated, threatened, coerced, or forced in any manner by anyone to get him to plead guilty; (8) he was satisfied with his legal representation; and (9) he offered his plea of guilty freely, voluntarily and of his own accord and with full understanding of all the matters set forth in the information and plea agreement.

---

[2] Hill was also charged with the class B felony of burglary in the first degree, in violation of section 569.160. That charge was dismissed.

[3] All references to statutes are to RSMo 2000, unless otherwise indicated.

2

As an exhibit to the plea petition, Hill and his attorney also signed a "Memorandum of Plea Bargain," which stated that: (1) the charge to which the plea bargain applied was "Assault"; (2) Hill would enter a plea of guilty to the charge of "felony assault"; (3) if Hill was placed on probation, the court would be free to impose any sentence it deemed appropriate within the law, but if not placed on probation, then any sentence would not exceed eight years in the Department of Corrections ("DOC"); and (4) the State would oppose any sentence to the Jasper County Jail on a felony charge.

A plea hearing was held on May 16, 2011. During the plea examination, Hill admitted that everything in the Petition to Enter Plea of Guilty was true. He also testified he understood the plea agreement included the amending of the original charge from a class A felony to a class B felony, and the dismissal of a related burglary charge. Hill acknowledged he understood that the class B felony of assault in the first degree carried a punishment of five to fifteen years in the DOC.

Summarizing the evidence the State would produce if the case went to trial, the prosecutor stated that around 11:30 p.m. on October 16, 2010, Hill entered the apartment of S.D., struck S.D. twice in the head, and then kicked him in the head causing S.D. to suffer an orbital floor fracture of his eye socket. Hill admitted he did those things, that he rendered S.D. unconscious, that he did so with the purpose of assaulting S.D., and that his conduct was "a substantial step towards commission of the crime of attempted [sic] to cause serious physical injury to [S.D.] and was done with the purpose of committing such assault[.]" Hill admitted he was pleading guilty because he was guilty. The plea court accepted Hill's plea.

On July 18, 2011, a sentencing hearing was held. Plea counsel advised the court that he had gone over the Sentencing Assessment Report ("SAR") with Hill. The court sentenced Hill to

3

seven years in the DOC for the class B felony of assault in the first degree. Hill reiterated to the court that his counsel had done a good job of representing him.

On January 18, 2012, appointed counsel filed on behalf of Hill a "Motion to Vacate, Set Aside, or Correct the Judgment or Sentence." Hill alleged ineffective assistance of counsel and that his guilty plea was not made voluntarily and knowingly because plea counsel told Hill he would only have to serve 40 percent of his seven-year sentence for assault before becoming eligible for parole. Hill also claimed the amended information was insufficient to properly charge him with the class B felony of assault, arguing the information only charged an attempt to commit that offense, thus rendering his sentence in excess of the maximum permissible sentence.

On December 11, 2013, an evidentiary hearing was held on Hill's motion. Hill testified that at the time he pled guilty, plea counsel told him he would serve approximately 40 percent of his sentence. Hill admitted he was also pleading guilty to a felony DWI charge[4] in a different division around the same time of his assault guilty plea, but claimed that plea counsel's advice about the 40 percent was "always [referring to] the assault charge." He claimed he asked plea counsel about the 85-percent requirement, and counsel indicated he had contacted a relative employed by the DOC who assured counsel that Hill would only have to serve 40 percent of his sentence "on a first commit." Hill further claimed he never saw his SAR, which stated he had to serve 85 percent of his sentence for assault. Hill stated he would have gone to trial if he knew he had to serve at least 85 percent of his sentence.

Plea counsel testified, through his deposition taken on May 10, 2013, that when he first met with Hill, he advised Hill this "would probably be a difficult case to represent in that any plea offers would certainly be affected by the fact [Hill] had . . . a previous [assault] charge" just

---

[4] Hill was sentenced to five years on the felony DWI charge and testified he understood he would have to serve at least two years of that sentence. The DWI sentence and the assault sentence were to run concurrently.

a year prior. He discussed with Hill the amount of time Hill would have to serve before becoming eligible for parole "[t]o the extent that the SAR addresse[d] that[.]" Plea counsel denied he spoke with a relative at the DOC about the length of time that Hill would serve, but rather sought information regarding opportunities for classes and whether enrollment in a "two-year, long-term alcohol class" would assist Hill when becoming eligible for parole.

Plea counsel also testified he and Hill discussed the "40 percent mark" when discussing the SAR in the DWI case, but not the assault case. Plea counsel went over the assault SAR with Hill and pointed out that the "[p]arole release guidelines" for the offense was "85 percent." He testified he was aware of the statute requiring 85 percent of the assault sentence to be served before parole eligibility and even circled that number when going over the SAR with Hill. The only time plea counsel and Hill discussed the "40 percent figure" was in relation to the DWI plea.

On December 31, 2013, the motion court entered findings of fact and conclusions of law denying Hill's motion. The motion court found plea counsel's testimony credible and that plea counsel advised Hill prior to sentencing he would have to serve 85 percent of his sentence for assault. The motion court denied Hill's claim that the information charging him with first-degree assault was insufficient because Hill could have raised such a claim on direct appeal and did not do so. This appeal followed.

In his two points on appeal, Hill contends that: (1) the motion court erred in refusing to vacate Hill's conviction because his plea of guilty was involuntary, and (2) in refusing to vacate Hill's sentence because the charging information was ambiguous as to the crime charged.

The issues for our determination are:

1.      Whether the motion court clearly erred in finding that Hill was not entitled to post-conviction relief based on evidence that Hill's plea counsel misadvised him regarding when parole would be available.

2.      Whether the motion court erred in rejecting Hill's claim for post-conviction relief based on alleged defects in Hill's charging information.

**Standard of Review**

This Court reviews a motion court's findings and conclusions on a Rule 24.035 motion to determine whether they are clearly erroneous. *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D. 2009); Rule 24.035(k). We will find the motion court clearly erred only if after reviewing the complete record, we are left with a "definite and firm impression that a mistake has been made." *Id.* (internal quotation and citation omitted).

**Analysis**

*Point I: Voluntariness of Plea*

Hill argues the motion court clearly erred in denying his post-conviction claim that plea counsel misadvised him he would only have to serve 40 percent of his sentence before becoming eligible for parole on his first-degree assault conviction instead of the 85 percent required by statute.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must

6

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.

Second, the defendant must show prejudice from his counsel's deficient conduct. *Id.* at 687. "To show prejudice when challenging a guilty plea, the movant must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Davis v. State*, 435 S.W.3d 113, 116 (Mo.App. E.D. 2014) (internal quotations and citations omitted). "[F]ollowing a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." *Id.* (internal quotation and citation omitted).

The motion court made specific findings on this issue:

> The court believes the testimony of [plea counsel] that he went over the sentencing assessment report with [Hill] and pointed out to [Hill] that he would have to serve eighty-five percent of any sentence the court imposed.

While acknowledging this finding, Hill argues that "there is nothing in the record that refutes Hill's claim that [plea counsel] advised him that he would only have to serve 40% of his sentence and he was therefore induced to plead guilty." This argument misapprehends our standard of review. We disregard evidence and inferences contrary to the motion court's judgment. *Smith v. State*, 443 S.W.3d 730, 733 (Mo.App. S.D. 2014). "Determinations concerning credibility are exclusively for the motion court and it is free to believe any evidence, whether contradicted or undisputed." *Flenoy v. State*, 446 S.W.3d 297, 303 (Mo.App. W.D. 2014) (internal quotations and citations omitted).

Under these standards, we conclude the motion court did not believe Hill's testimony that he was misadvised by plea counsel that he would only have to serve 40 percent of his sentence. A defendant is not prejudiced by conduct the motion court determines never to have occurred.

7

*See* ***Barton v. State***, 432 S.W.3d 741, 760 (Mo. banc 2014); ***Mosley v. State***, No. SD33163, 2014 WL 4651212, at *4 (Mo.App. S.D. Sept. 18, 2014).  Likewise, we cannot find that the motion court clearly erred on this basis.

We do not find the motion court clearly erred in finding that Hill was not entitled to post-conviction relief based on evidence that Hill's plea counsel misadvised him regarding when parole would be available.  Point I denied.

### *Point II:  Defective Information*

Hill argues that the information charging him was defective in that it was confusing and ambiguous as to what crime was being charged.

However, as the motion court below correctly pointed out, Hill's claim that the information was insufficient to identify the crime charged should have been raised on direct appeal, and not for the first time in a claim for post-conviction relief.  As this Court clearly indicated in ***Barry v. State***, 404 S.W.3d 338, 344 (Mo.App. S.D. 2013), "a challenge to the sufficiency of an information is not a cognizable claim in a post-conviction relief proceeding . . . [where] Movant's claim could (and therefore should) have been raised on direct appeal." ***Id.*** at 345.  We may only examine such challenges "where fundamental fairness requires otherwise and only in rare and exceptional circumstances." ***Id.*** (internal quotation and citation omitted).  Such rare and exceptional circumstances are absent in this case.

We do not find the motion court clearly erred in rejecting Hill's claim for post-conviction relief based on alleged defects in Hill's charging information.  Point II is denied.

The judgment of the motion court is affirmed.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concur

DANIEL E. SCOTT, J. - Concur