MARY W. SHEFFIELD, J.
David Andrew Borneman ("Movant") appeals the motion court's denial of his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1] Movant's two points claim the motion court clearly erred by denying: (1) Movant's claim that plea counsel was constitutionally ineffective for erroneously advising Movant "that if he entered an 'open plea' of guilty, he would be sentenced to probation for his charge of felony stealing"; and (2) an oral motion from post-conviction counsel to supplement the amended Rule 24.035 motion with an additional claim that Movant's sentence for felony stealing exceeded the maximum authorized by law.[2] Finding no merit in Movant's contentions, we affirm.
Background
In the underlying criminal case, the State charged Movant as a prior and persistent felony offender with the class C felony of stealing, based on the theft of property with a value of at least $500. Movant entered an "open plea," meaning that he had no plea agreement. The plea court questioned Movant, accepted the plea, found him guilty, sentenced him to an eight-year prison term as a prior and persistent felony offender, and denied probation.
Movant filed an amended post-conviction motion wherein he claimed, among other things, that plea counsel had "erroneously assured Movant he would receive a new term of probation if he entered an 'open plea.' " After an evidentiary hearing, the motion court overruled Movant's amended motion. This appeal followed.
Governing Law and Principles of Review
A movant has the burden of proving his or her claims for relief by a preponderance of the evidence at an evidentiary *538 hearing. Rule 24.035(i). To prevail on a claim of ineffective assistance of counsel, a post-conviction movant must overcome the strong presumption that counsel was competent and demonstrate instead that: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise; and (2) such failure prejudiced the movant. Hill v. State , 467 S.W.3d 818, 822 (Mo. App. S.D. 2015) ; Strickland v. Washington , 466 U.S. 668, 687-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice following his guilty plea, Movant had to show that a reasonable probability existed that, but for the errors of plea counsel, Movant would have refused to enter a guilty plea and insisted on proceeding to trial. Jones v. State , 211 S.W.3d 210, 213 (Mo. App. S.D. 2007). "When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made." Id.
Appellate review of the motion court's decision in a Rule 24.035 case is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). "Findings of fact and conclusions of law are clearly erroneous only if our review of the entire record leaves us with the definite and firm impression that a mistake has been made." Jones , 211 S.W.3d at 212. Credibility determinations are within the exclusive province of the motion court, Hill , 467 S.W.3d at 823, and the motion court may believe or disbelieve any portion of testimony. Oliphant v. State , 525 S.W.3d 572, 577 (Mo. App. S.D. 2017). This Court defers to credibility determinations made by the motion court. Id.
Discussion
Point 1
Movant's first point on appeal charges clear error in the motion court's denial of his amended motion because plea counsel "erroneously advised him that if he entered an 'open plea' of guilty, he would be sentenced to probation for his charge of felony stealing." Movant argues that if he had known that probation was not guaranteed, he would not have pleaded guilty and would have instead proceeded to trial.
At the guilty plea hearing, the plea court asked Movant, among other things, whether anyone had made any promises to him to entice him to plead guilty and whether anyone had pressured him to plead guilty. Movant responded in the negative. Movant also told the plea court that no one had suggested that he should answer questions from the court untruthfully. At the sentencing hearing, the State recommended a ten-year sentence and restitution. Plea counsel argued for another chance on probation, or alternatively, long-term drug treatment. After Movant received his eight-year sentence, Movant told the plea court that he was satisfied with plea counsel's services and had no complaints regarding plea counsel.
At the evidentiary hearing on Movant's amended post-conviction motion, Movant and plea counsel provided the only testimony. Movant testified that: (1) plea counsel "assured" him that he would get probation if he accepted an open plea; (2) he had relied on that representation when deciding whether to plead guilty; and (3) if plea counsel had not so assured him, he would not have pleaded guilty but would have instead proceeded to trial.
On cross-examination, the State pointed out Movant's negative response when the plea court had asked him if anyone had made him any promises to get him to plead guilty. Movant immediately responded, "I said 'No, sir,' but he did, and he also assured me twice. He said just take an *539 open plea and he would get me probation, probation continued." The State also stressed that Movant had told the plea court that no one had put any pressure on him to get him to plead guilty. Movant responded that his answers were "incorrect" and that plea counsel had told him to "go in there, make it easy on everybody, and [he] would get probation."
Plea counsel provided the following testimony:
We talked about an open plea, because [Movant] had been in prison for quite some time and had been incarcerated, and I thought his odds would be good. But, of course, you never know, and it was-we were very clear, and I was always clear with him that-that no one could guarantee him anything. All I guaranteed him was a fighting shot at probation.
So I thought that the Judge might consider that [Movant] had been in for two years or three years, something like that, and that he had a bunch of time served and might think that he was a good candidate to take a chance with, in light of that time served.
Plea counsel testified that he was sorry that Movant was dissatisfied with the plea court's sentencing decision, but that he had never promised Movant that he would receive probation if he entered an open plea.
The motion court's order denying relief set forth Movant's testimony from the plea hearing and evidentiary hearing, as well as plea counsel's testimony from the evidentiary hearing.[3] The motion court concluded that plea counsel had never assured Movant that he would receive probation in exchange for his guilty plea. The motion court found plea counsel's testimony was "more credible" than Movant's. Because the motion court believed plea counsel's testimony, Movant failed to prove his claim that plea counsel "erroneously assured" him that he would receive probation. Without such proof, Movant failed to overcome the strong presumption that plea counsel exercised the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation.[4]
Movant argues the motion court should not have considered Movant's testimony that he had given "incorrect" answers to the plea court when weighing Movant's credibility because Movant was only following plea counsel's advice to "go in there and make it easy on everybody" so that Movant would receive the probation plea counsel assured. But the motion court was free to find plea counsel's testimony more credible and thus conclude that plea counsel had never assured Movant that he would receive probation. That credibility determination was "exclusively" for the motion court, Hill , 467 S.W.3d at 823, and we defer to its decision. Oliphant , 525 S.W.3d at 577. Any potential inferences from Movant or plea counsel's testimony that are contrary to the motion court's ruling are disregarded in this appeal. Smith v. State , 443 S.W.3d 730, 733 (Mo. App. S.D. 2014). The motion court did not clearly err.
Point 1 is denied.
*540 Point 2
Movant's second point claims the motion court clearly erred by denying an oral motion from post-conviction counsel to supplement the amended Rule 24.035 motion. Post-conviction counsel sought to add a claim that Movant's eight-year sentence for felony stealing exceeded the maximum authorized by law. He argued that, pursuant to the rationale of State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), Movant's conviction should have remained a class A misdemeanor punishable by up to only one year in prison.
Rule 24.035(b) provides that the failure to file a motion within the time limits provided by Rule 24.035 constitutes a "complete waiver" of any claim that could have been raised in such a motion. Rule 24.035(g) then outlines the time within which an amended motion must be filed. The time limits provided by Rule 24.035 for filing an amended motion are mandatory, Oliver v. State , 196 S.W.3d 643, 645 (Mo. App. S.D. 2006), and it is the duty of the courts to enforce Missouri's post-conviction time limits. Dorris v. State , 360 S.W.3d 260, 268 (Mo. banc 2012). "Arguments raised for the first time in a second amended motion filed after the time limit set out in Rule 24.035(g) are barred from consideration." Stanley v. State , 420 S.W.3d 532, 540, 543 (Mo. banc 2014) (finding that arguments raised only in a "late-filed second amended motion" were "time-barred" and therefore appellate review was confined to arguments raised in the timely first amended motion).
Here, Movant complied with the mandatory time limits of Rule 24.035 by filing a pro se motion within 180 days of his delivery to the department of corrections. See Rule 24.035(b). The amended motion had to be filed within 60 days of the date both a complete transcript consisting of the guilty plea and sentencing hearing was filed in the trial court and counsel was appointed. See Rule 24.035(g). Post-conviction counsel was appointed on July 13, 2015, and the transcripts were filed on August 13, 2015. That same day, August 13, 2015, the motion court granted post-conviction counsel the one 30-day extension allowed by Rule 24.035(g). Thus, post-conviction counsel had 90 days from August 13 to file the amended motion. The 90th day of that time period was Wednesday, November 11, 2015. Because that day was a legal holiday (Veteran's Day), however, the amended motion was due on the next business day: Thursday, November 12, 2015. See Rule 44.01(a). The amended motion was filed that day, so it was timely.[5] Post-conviction counsel fulfilled his duties under Rules 24.035(g) and (e).
More than a year later, November 29, 2016, the motion court held an evidentiary hearing on Movant's amended motion. At the evidentiary hearing, post-conviction counsel moved "to expand the amended motion claim to include a Bazell claim as plain error." He asserted that "it's manifest injustice for someone to be serving a *541 felony sentence for a misdemeanor offense." He asked to orally amend the post-conviction motion to include the claim. The State responded that any amendment was "significantly out of time." The motion court agreed with the State, ruling that the proposed amendment was "out of time."
The motion court did not clearly err. "Rule 24.035(g) prevents counsel from filing an amended motion ... outside a certain time period following appointment of the public defender's office." Stanley , 420 S.W.3d at 540. Here, that time period ended on November 12, 2015. The request to file a second amended post-conviction motion came more than one year later, and a motion court "has no authority to extend this time limit for filing an amended motion." Id. at 541. Movant waived his Bazell claim by failing to include it in a timely filed post-conviction motion. See Henson v. State , 518 S.W.3d 828, 836 (Mo. App. S.D. 2017) (holding claims that felony stealing charges should have been classified as misdemeanors based on the rationale of Bazell were waived because they were not raised in a timely filed Rule 24.035 motion); Murphy v. State , 510 S.W.3d 876, 880-81 (Mo. App. E.D. 2017) (same holding). Point 2 is denied.[6]
Conclusion
After reviewing the entire record, we do not have a definite and firm impression that a mistake was made. See Jones , 211 S.W.3d at 212. Therefore, the findings and conclusions of the motion court are not clearly erroneous. See Rule 24.035(k). The motion court's order denying Rule 24.035 relief is affirmed.
WILLIAM W. FRANCIS, P.J.-CONCURS
JEFFREY W. BATES, J.-CONCURS

All rule references are to Missouri Court Rules (2015).

Movant's first point posits that he was sentenced to a five-year term of imprisonment for felony stealing. As all parties here and before the motion court acknowledge, Movant was sentenced to eight years for his charge of felony stealing, not the five years Movant states in his point. We treat Movant's reference to a five-year sentence as a clerical error.

The judge who presided over the evidentiary hearing on Movant's amended motion was the same judge who had accepted Movant's guilty plea and sentenced him.

The motion court found that because Movant had not proven that plea counsel's performance was deficient, it need not address the prejudice prong of Strickland . If either the performance prong or the prejudice prong is not met, a court is not required to consider the other prong, and the claim of ineffective assistance of counsel must fail. Taylor v. State , 403 S.W.3d 683, 686 (Mo. App. W.D. 2013).

Movant and the State reach the correct conclusion-the amended motion was timely filed. Neither does so for the right reason. Movant incorrectly calculates the due date as November 13, 2015, without further explanation. The State posits the correct due date (November 12), but it reached that result by assuming that the 60-day time period had to be separately computed first, extended because it ended on a legal holiday (October 12-Columbus Day), and the final 30 days added to the end of that extended period. This Court has repudiated the State's proposed calculation method. Duke v. State , 545 S.W.3d 358, 361 n.4 (Mo. App. S.D. 2018). "It is only when the final day of that 90-day period falls on a Saturday, Sunday or legal holiday that the time period is extended pursuant to Rule 44.01(a)." Id.

The post-conviction time limits apply without regard to whether a time-barred claim is meritorious, and this Court has no authority to review a claim that was not included in the Rule 24.035 motion for plain error. Hoskins v. State , 329 S.W.3d 695, 699 (Mo. banc 2010). However, we briefly note that the claim Movant attempted to add before the motion court has been rejected. See Abrams v. State , 550 S.W.3d 557, 558, (Mo. App. S.D. 2018) ; Watson v. State , 545 S.W.3d 909, 915-16 (Mo. App. W.D. 2018).