

# Missouri Court of Appeals

## Southern District

### Division Two

ROBERT J. BRANSON,  )
                         )
          Appellant,  )
                         )
    vs.  )        No. SD36890
                         )
STATE OF MISSOURI,  )    **Filed: October 5, 2021**
                         )
         Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Judge William E. Hickle

**<u>AFFIRMED</u>**

Robert J. Branson ("Branson") appeals from the motion court's denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1]  Branson raises two points on appeal.  First, Branson claims the motion court erred in failing to find his attorney ("plea counsel") ineffective because he was unprepared to go to trial.  Second, Branson claims there was an insufficient factual basis for him to be sentenced to a class A felony of first-degree child molestation under the version of section 566.067 in effect at the time of the charged offense.[2]

---

[1] All rule references are to Missouri Court Rules (2018).  All statutory references are to RSMo. (2006) unless otherwise indicated.

[2] Section 566.067 (2006) provides, in relevant part:

> 2. Child molestation in the first degree is a class B felony unless:
> . . . .
>
> (2) The victim is a child less than twelve years of age and:

Finding no merit in Branson's first point and a waiver of the second, we affirm the motion court's judgment.

## Factual and Procedural Background

Branson was charged with several sex crimes involving the same minor victim. On the day of trial, the State and Branson entered into a plea agreement. Pursuant to that plea agreement, the State agreed to drop a number of charges if Branson entered an ***Alford***[3] plea to one count of the class A felony of first-degree child molestation with a victim under 12 years of age and two counts of second-degree statutory rape.[4] Branson accepted the plea agreement and pled guilty to those charges.

At the plea hearing, Branson testified that he understood he did not have to plead guilty and that he had a right to go to trial. Branson further testified he understood he was pleading guilty to one count of first-degree child molestation subject to the range of punishment of 10-30 years or life in prison, and that no one made any promises or threats to him or to his family to cause him to plead guilty. Branson testified he was happy with plea counsel's services. When asked by plea counsel, "[i]s there anything I have not done that you wanted me to do or something that I have done that you didn't want me to do[,]" Branson answered "[n]o." The trial court found a factual basis for the plea and accepted the plea as knowing and voluntary.[5]

---

(a) The actor has previously been convicted of an offense under this chapter; or

(b) In the course thereof the actor inflicts serious physical injury, displays a deadly weapon or deadly instrument in a threatening manner or if the offense is committed as part of a ritual or ceremony, in which case, the crime is a class A felony and such person shall serve his or her term of imprisonment without eligibility for probation or parole.

[3] "Under *North Carolina v. Alford*, 400 U.S. 25, 38-39 (1970), a defendant may enter what is, in effect, a guilty plea, even though the defendant protests that he or she is innocent of the crime charged." ***Nguyen v. State***, 184 S.W.3d 149, 152 (Mo. App. W.D. 2006). "[I]n reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently from a guilty plea." ***Id.***
[4] The amended information filed pursuant to the plea agreement alleged that the first-degree child molestation occurred on March 4, 2011 and the two second-degree statutory rapes occurred on March 4, 2016, and March 5, 2016, respectively.
[5] The State offered the following factual basis for the charges:

Branson was sentenced to life on the class A felony of first-degree child molestation and seven years on each of the two counts of the class C felony of second-degree statutory rape with the sentences running consecutively.

Branson filed a Rule 24.035 motion for post-conviction relief and Branson's post-conviction relief counsel filed an amended motion.[6] After the evidentiary hearing, the motion court denied Branson's claim and this appeal followed.

### Standard of Review

Appellate review of the motion court's denial of a Rule 24.035 post-conviction relief motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." *Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019) (quoting *Latham v. State*, 554 S.W.3d 397, 401 (Mo. banc 2018)). Upon a review of the entire record, the motion court's findings will be overturned only if the reviewing court is left with a definite and firm impression that a mistake has been made, otherwise the motion court's findings are presumed correct. *Durst v. State*, 584 S.W.3d 817, 819 (Mo. App. S.D. 2019). Credibility determinations are within the exclusive province of the motion court, and the motion court may believe or disbelieve any portion of the testimony. *Borneman v. State*, 554 S.W.3d 535, 538 (Mo. App. S.D. 2018). This Court defers to credibility determinations made by the motion court. *Id.*

---

"[O]n March 8th, 2011, detectives from Phelps County Sheriff's Department were called to investigate allegations of child molestation, statutory rape, and statutory sodomy by a [victim], who was then 11 years old. . . . A CAC [interview] was conducted and during that the child victim disclosed she had been molested by her father figure, who is [Branson] . . . and that she had been molested pretty much continuously since she had been five or six years old and that that molestation involved oral sex performed on her by [Branson.]"

[6] We have independently verified the timeliness of Branson's post-conviction motions pursuant to *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015).

3

## Discussion

### *Point 1*

Branson's first point asserts the motion court clearly erred in denying his amended motion for post-conviction relief based on ineffective assistance of counsel because:

> it was clearly erroneous to conclude that [plea counsel] was, in fact, prepared for trial where [plea counsel] had not investigated any possible witnesses or evidence to present in [Branson]'s defense, did not have a clearly articulated theory of defense, had only communicated in generalities to [Branson] about how to testify, and had not prepared any notes for the case.

Branson's first point is without merit.

"The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence." Rule 24.035(i). To prevail on a claim of ineffective assistance of counsel, a post-conviction movant must overcome the strong presumption that counsel was competent and must demonstrate instead that: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise; and (2) such failure prejudiced the movant. *Hill v. State*, 467 S.W.3d 818, 822 (Mo. App. S.D. 2015); *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). A movant must show a reasonable probability exists, that, but for the errors of plea counsel, the movant would have refused to enter a guilty plea and insisted on proceeding to trial. *Borneman*, 554 S.W.3d at 538. Claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness of the guilty plea. *Id.*

Here, the record refutes Branson's claim that his plea was not voluntary because plea counsel was ineffective in failing to prepare for trial. At the plea hearing, Branson testified that plea counsel did everything he wanted him to do, contradicting his current position—that he only pled guilty because plea counsel was unprepared. The record from the evidentiary hearing also supports the motion court's finding that plea counsel was, in fact, prepared. Plea counsel testified he was familiar with the case, the victim's prior statements, and the physical evidence. Plea counsel testified he discussed with Branson whether Branson should testify in his own

4

defense and that his theory of defense was that the State could not prove each element beyond a reasonable doubt. Plea counsel planned to defend Branson's case through cross-examination of the State's witnesses and through Branson's testimony. Plea counsel reviewed the case with Branson, met in person with him at least three times, and spoke on the phone with him multiple times in preparation for trial. Plea counsel testified he was prepared for trial and that he never told Branson he was not prepared. The motion court did not believe Branson's testimony that plea counsel told Branson he was unprepared. This Court defers to credibility determinations made by the motion court. *Oliphant v. State*, 525 S.W.3d 572, 577 (Mo. App. S.D. 2017). Branson has failed to meet his burden of demonstrating that plea counsel was ineffective. Point 1 is denied.

## Point 2

In point 2, Branson claims the motion court clearly erred in "denying claim 8(b)(1) of [Branson's] amended Rule 24.035 motion" because the State failed to allege or plead facts sufficient for Branson to be sentenced for a class A felony under the first-degree child molestation statute. The State contends Branson waived this claim by failing to include it in his amended motion for post-conviction relief. We agree with the State. Because Branson did not present this claim to the motion court, it is waived.

Rule 24.035(d) expressly waives any claim for relief known to the movant that is not listed in the motion. *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010). Here, the claim on appeal is that there are insufficient facts to support Branson's conviction of the class A felony of child molestation. However, this is not the claim Branson raised in his amended motion for post-conviction relief. In 8.b.(1) of his amended motion, Branson alleged:

> 8.b.  [Branson] was denied his right to due process of law and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.
>
> Specifically,

5

(1) Life without the possibility of probation or parole is cruel and unusual punishment as set forth in Section 566.067 RSMo 2016 and as applied to [Branson].

Nowhere in 8.b.(1) or anywhere else in his amended motion is there a claim that the facts were insufficient for Branson to be sentenced to a class A felony—the claim he raised on appeal. By failing to present this issue to the motion court, Branson has waived it. Point 2 is denied.

## Conclusion

The motion court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

GARY W. LYNCH, C.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS

6